UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| DANIELLE M. WHITE, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:14-CV-116-JRG-CLC |
| HERBERT H. SLATERY III[1], | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Danielle M. White's *pro se* motion "to take judicial notice and extraordinary writ." The Court finds the substance of her motion requests (1) recusal of the undersigned based on disqualification and (2) some form of restraining order or injunctive relief [Doc. 41 p. 17].

## I. BACKGROUND

On April 9, 2014, Petitioner filed a *pro se* petition for a federal writ of habeas corpus [Doc. 1]. Petitioner filed an amended document on June 25, 2014 [Doc. 8]. On July 2, 2014, noting several deficiencies in that amendment, the Court directed the Clerk to send Petitioner a blank preprinted form on which to file her 28 U.S.C. § 2254 petition [Doc. 9]. On August 15, 2014, Petitioner filed a second amended petition challenging her convictions for two counts of aggravated assault [Doc. 12]. Pursuant to Court order,

---

[1] The Court substitutes Petitioner's named respondent with Tennessee Attorney General Herbert H. Slatery III, the proper respondent for a petition for writ of habeas corpus pursuant to Rule 25 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25(d).

Respondent filed an answer to Petitioner's second amended petition on December 22, 2014 [Doc. 33]. Petitioner filed the current motion requesting disqualification and a protective order on February 4, 2015.

For the reasons discussed below, the allegations contained in Petitioner's motion [Doc. 41] are baseless, completely lacking in merit, and outlandish on their face. As a result, both requests contained in Petitioner's motion are **DENIED**.

## II. ANALYSIS

### A. Request for Disqualification Based Recusal

Petitioner fails to cite a single case or statute governing judicial disqualification or recusal, but instead presents a long tirade of outlandish and fanciful allegations, wholly detached from any semblance of reality. A sampling of the allegations set forth in Petitioner's motion include: (1) collusion between the victim of Petitioner's underlying state court assault conviction, the victim's employer Helena Chemical, and the law firm Baker, Donelson, Bearman, Caldwell, & Berkowitz ("Baker Donelson") in an effort to frame Petitioner for a crime she did not commit [*Id.* at 3–4]; (2) collaboration between Baker Donelson, the "Israeli lobby," East Tennessee State University ("ETSU"), and "unknown persons" to sabotage Petitioner over a paper she wrote while enrolled at ETSU on the American Israel Public Affairs Committee ("AIPAC") [*Id.* at 5–7]; and (3) coordination between the foregoing organizations and individuals in an attempt to "poison" Petitioner's land, livestock, organic farm, and family with "toxic chemicals and laser beam technology" [*Id.* at 4]. In an apparent effort to implicate the undersigned and

the United States District Court for the Eastern District of Tennessee, Petitioner makes convoluted references to what she perceives as Baker Donelson's wide spread influence over "almost every public and private office in the United States" [*Id.* at 7–13].

First, Petitioner cites the fact the Knoxville Federal Courthouse is named in honor of former Baker Donelson counsel Senate Majority Leader Howard H. Baker Jr. [*Id.* at 7], Senator Baker's connections with former Senate Majority Leader Bill Frist and current Senator Lamar Alexander [*Id.* at 10–11], and the undersigned's appointment to the bench while Senators Frist and Alexander were in office [*Id.*] as tenuous evidence of the undersigned's prejudice against Petitioner. Second, Petitioner references Baker Donelson's alleged membership on the United States Senate panel for "confirming judicial nominees" in 2006 [Doc. 41 p. 10], Baker Donelson's prior representation of Greene County, Tennessee [*Id.*], and the undersigned's alleged ownership of Greene County "Bancshares" [*Id.*] as proof of a connection between Baker Donelson and the undersigned; Petitioner goes on to insinuate such connection prejudices the Court against her pending 28 U.S.C. § 2254 petition. Not one of the forgoing claims comes close to asserting a non-frivolous basis for disqualification.

Disqualification of a presiding judge has both statutory and constitutional underpinnings. The Code of Conduct for United States Judges admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities." Code of Conduct for the United States Judges, Canon 2A. Litigants also have

3

a constitutional due process right to an impartial judge. *Bracy v. Gramley*, 520 U.S. 899, 905–6 (1997) ("The floor established by the Due Process clause clearly requires a 'fair trial in a fair tribunal,' . . . before a judge with no actual bias against the defendant or interest in the outcome of his particular case.").

The two principal statutes governing judicial disqualification are 28 U.S.C. §§ 455 and 144. Section 144 generally deals with actual bias or prejudice, while § 455 deals not only with actual bias or other forms of partiality, but also the appearance of partiality. Petitioner does not specify upon which statute she relies [Doc. 41].

### 1. Disqualification Pursuant to 28 U.S.C. § 144

Section 144 provides that a judge is disqualified from presiding over a matter "whenever a party . . . files a timely and sufficient affidavit [suggesting] the judge before whom [her] matter is pending has a personal bias or prejudice . . . against [her] or in favor of any adverse party." 28 U.S.C. § 144. The provision goes on to mandate the affidavit be "filed not less than ten days before the beginning of the term at which the proceeding is to be heard" and set forth "facts and the reasons for the [movant's] belief that bias or prejudice exists." *Id.* To the extent Petitioner relies on § 144, her request fails.

First, she has not complied with the procedural prerequisites of the statute. Under § 144, a district judge must step aside and disqualify himself upon the filing of a facially sufficient affidavit. The statute itself and courts interpreting the statute have been exacting in requiring compliance with its procedural prerequisites. *See e.g.*, *Bronick v. State Farm Mut. Auto. Ins.*, No. CV-11-01442-PHX-JAT, 2013 U.S. Dist. LEXIS 96954,

4

at *3 (D. Ariz. July 11, 2013) (noting parties "must strictly follow the precise procedural steps in order to obtain disqualification under § 144"); *Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998) (same). Even without looking at the substance of her accusations, Petitioner's motion fails as a matter of law because she has not appended the requisite sworn affidavit. *See Hoffenberg v. United States*, 333 F. Supp. 2d 166, 177 n. 5 (S.D.N.Y. 2004) (noting "procedural prerequisites are strictly observed, and deviation from the statutory requirements provides sufficient grounds for denial of a motion for recusal brought pursuant to [§] 144").

Second, even if the facts set forth in Petitioner's motion were enough to survive the forgoing procedural hurdle, "[t]he legal standard [for recusal under § 144] requires the facts to be such as would 'convince a reasonable man that a bias exists.'" *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1998) (quoting *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983)). Thus, § 144 focuses on "objective. . . evidence of bias, not on the subjective view of the [movant]." *Id.* Petitioner's outlandish allegations of conspiracy and tenuous theories of the undersigned's prejudice falls significantly short of this standard. *See Scott v. Metro Health Corp.*, 234 F. App'x 341, 358 (6th Cir. 2007) ("Every judge comes to the bench with a life-time of background experiences, a roster of associations, and a myriad of views. This past history, in and of itself, is seldom sufficient to require recusal." (internal citation omitted)).

    2.    **Disqualification Pursuant to 28 U.S.C. § 455(a)**

The procedural requirements of § 144 do not apply to § 455(a). *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). Section 455(a)[2] provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, the mere appearance of partiality can require disqualification under § 455(a). The standard is an objective one, focusing on "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *Roberts*, 625 F.2d at 129; *see also Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009) (requiring recusal "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality" (internal citation omitted)).

It is well established a "judge is presumed to be impartial, . . . the party seeking disqualification 'bears the substantial burden of proving otherwise,'" *Scott*, 234 F. App'x at 352 (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)), and there "is as much [an] obligation upon a judge not to recuse himself where there is no occasion

---

[2] Section 455(b) lists several enumerated situations mandating disqualification such as personal bias or prejudice concerning a party, personal knowledge of disputed evidentiary facts, prior involvement with the matter while in private practice, financial interest in the outcome of the proceeding or subject matter of controversy, or personal or familial connection to party or lawyer in the proceeding. 28 U.S.C. § 455(b). "Financial interest" is defined as "ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party" 28 U.S.C. § 455(b)(4). Because none of Petitioner's assertions address any of the forgoing categories, the Court interprets her motion as an attempt to invoke recusal based on the appearance of impropriety pursuant to 28 U.S.C. § 455(a).

To the extent Petitioner attempts to rely on the undersigned's alleged ownership of Greene County "bancshares" as evidence of a financial conflict of interest under § 455(b)(4), the Court previously rejected a similar argument by Petitioner in Case No. 2:09-CV-211-JRG-DHI. Here too such claim is frivolous. The undersigned has no financial interest that would be affected, directly or otherwise, by the outcome of Petitioner's 28 U.S.C. § 2254 petition and no objective person would find even an appearance of impropriety requiring recusal.

as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988).

Petitioner has failed to articulate a single factual circumstance based upon which a reasonable, objective person could question the impartiality of the undersigned. *See Mitchell*, 585 F.3d at 946 (finding district court properly denied motion for recusal based on references to the judge's status as a "colleague" of state judges presiding over his conviction and subsequent failed appeal); *Scott*, 234 F. App'x at 358 (rejecting need for recusal where alleged prejudice arose from fact judge's wife served on state bar committee with different judge whose law clerk was an uncle to the presiding judge's current law clerk); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) ("Judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held" (internal citation omitted)). Because Petitioner has failed to present a sufficient factual basis, *see States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (noting movant has burden of presenting facts that demonstrate the judge's cast of mind is incompatible with unbiased judgment), recusal is inappropriate.

### B. Request for "Protective Order"

In addition to the forgoing, Petitioner requests some form of "protective order" barring Tennessee, the FBI, other "unknown government agencies and helpers, Baker [Donelson], the Masons, and Zionist agencies" from eavesdropping, harassing, intimidating, disenfranchising, blacklisting, rendering unstable, [or] manipulating Petitioner's property or family [Doc. 40 p. 17]. Petitioner's request is difficult to

7

comprehend and, aside from generalized allegations of "airplanes being used as kill machines," fails to point to a single specific threatened act or harm. Not only are the specific individuals and acts from which Petitioner seeks protection unclear, but she fails to cite a single case in support of her request for relief. Because vague allegations of oppression and conspiracy are wholly insufficient to support any relief, injunctive or otherwise, the Court finds petitioner is not entitled to a "protective order."[3]

## III. CONCLUSION

For the reasons discussed above, Petitioner's motion [Doc. 41], requesting both recusal and a protective order, is **DENIED**.

**IT IS SO ORDERED.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

---

[3] To the extent her request constitutes a motion for preliminary injunction, Petitioner's failure to specifically identify credible, substantiated evidence of discernible or repeatable wrongs and the Court's consideration of public interest preclude relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting injunctions are unavailable absent a showing of irreparable injury, a requirement that "cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged"); *Ent. Prods., Inc. v. Shelby County*, 545 F. Supp. 2d 734, 740 (W.D. Tenn. 2008) (noting party seeking preliminary injunction must "demonstrate a clear entitlement to the injunction under the given circumstances").